UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

VICTOR SANTANA,

                      Plaintiff,                      Case No. 16CV3034

-against-                                    COMPLAINT

JUST SALAD LLC and MAIDEN LANE PROPERTIES LLC,

                      Defendants.

---

Plaintiff, VICTOR SANTANA (hereinafter "Plaintiff"), through his undersigned counsel, hereby files this Complaint and alleges, as follows:

## INTRODUCTION

1. This is a civil action to redress discrimination on the basis of disability in violation of Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12181 et seq. ("ADA"), and its implementing regulation, 28 C.P.R. Part 36.

2. Plaintiff also sets forth claims for unlawful discrimination under the New York State Executive Law (the "Executive Law") § 296, New York State Civil Rights Law, § 40, and the Administrative Code of the City New York (the "Administrative Code"), § 8-107.

3. On July 26, 1990, Congress enacted the ADA, 42 U.S.C. § 12101 et seq., the most important civil rights law for persons with disabilities in our country's history.

4. The Congressional statutory findings include:

(a) Some 49,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(b) Historically, society has isolated and segregated individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(c) Discrimination against individuals with disabilities persists in such critical areas as employment, housing, public accommodations, education, transportation, communications, recreation, institutionalization, health services, voting, and access to public services.

(d) Individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser services, programs, activities, benefits, jobs, or other opportunities.

(e) The continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society justifiably is famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non- productivity. 42 U.S.C. § 12101 (a)(l)-(3), (5) and (9).

5. Congress explicitly stated that the purpose of the ADA was:

(a) To provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(b) To provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities;

(c) To invoke the sweep of Congressional authority, including the power to enforce the Fourteenth Amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities 42 U.S.C. § 12101 (b)(l)(2) and (4).

6. Congress provided commercial businesses 1 1/2 years to implement the requirements imposed by the ADA. The effective date for ADA Title III {ADA § 12181 et seq.), was January 26, 1992.

## PARTIES

7. Plaintiff is a resident of Manhattan and qualifies as an individual with disabilities as defined by the ADA (and the New York State laws relevant to this action) as he has Cerebral Palsy and has utilized a wheelchair for mobility for most of his life.

8. Defendant JUST SALAD LLC (the "Salad Restaurant") operates a food service business located at 100 Maiden Lane, New York, New York. The Salad Restaurant is a "place of public accommodation" within the meaning of Title III of the ADA because its operations affect commerce and, among other things, it is "a restaurant, bar or other establishment serving food or drink." 42 U.S.C. § 12181(7)(B); see 28 C.F.R. § 36.104. The Salad Restaurant is therefore a "public accommodation" within the meaning of Title III of the ADA. See 42 U.S.C. §§ 12181(7)(B), 12182(a); 28 C.F.R. § 36.104.

9. Defendant MAIDEN LANE PROPERTIES LLC (the "LLC") owns the building in which the Salad Restaurant is located and is therefore a necessary party pursuant to Federal Rule of Civil Procedure 19 for purposes of equitable relief. The Salad Restaurant and the LLC are hereinafter collectively designated as "Defendants".

## JURIDICTION and VENUE

10. This Court has jurisdiction over the ADA claims pursuant to 28 U.S.C. §§ 1331 and 1343, and pursuant to 28 U.S.C. § 1367(a), and the Court has supplemental jurisdiction over Plaintiff's claims brought under the laws of the State of New York.

11. Venue lies in this District pursuant to 28 U.S.C. § 1391(b). The acts of discrimination alleged in this complaint occurred in this District, and the public accommodation

which is the subject of this action is situated in this District.

## STATEMENT OF FACTS

12. Defendants are required to remove architectural barriers to the physically disabled when such removal is readily achievable for a place of public accommodation that has existed prior to January 26, 1992, 28 CFR § 36.304(a).

13. In the alternative, if there has been an alteration to Defendants' place of public accommodation since January 26, 1992, then the Defendants are required to ensure, to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally if the Defendant's' facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendants' facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

14. Plaintiff meets a friend who lives in the area and regularly patronizes stores and restaurants in the neighborhood where the Salad Restaurant is located.

15. He last visited the Salad Restaurant on or about February 20, 2016, when he was forced to order and wait in the small entrance landing inside the front doors while his food was prepared, and then brought down to him over the inaccessible steps by a Salad Restaurant employee.

16. The Plaintiff values his independence and seeks to minimize any need to rely on others.

17. It is demeaning for the Plaintiff to be compelled to observe individuals who are able to ambulate up steps, pass by him and enter the service and take out areas of Defendants' public facility while he sits and watches.

18. The failure of Defendants to remove the barriers to access complained of herein violates the ADA rights of the Plaintiff and other wheelchair users who want to buy food at the Salad Restaurant.

19. Plaintiff will continue to visit the Salad Restaurant and will attempt to enjoy the goods and services provided. The barriers to access at the Salad Restaurant have effectively denied or diminished Plaintiff's ability to visit the property and have caused embarrassment and discomfort to the Plaintiff.

20. Defendants have discriminated against the Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and or accommodations of its place of public accommodation or commercial facility, in violation of 42 U.S.C. 12181, et seq., and 28 CFR 36.302, et seq., as described below.

21. Records of the New York City Department of Buildings document substantial alterations which have taken place at the Salad Restaurant since the implementation of the ADA, the precise nature and scope of which are presently unknown.

22. An inspection of the Salad Restaurant revealed the following, including violations of the 2010 ADA Standards for Accessible Design (the " Standards"; sections listed as violated refer to the Standards, unless otherwise noted), all of which were reviewed with Plaintiff prior to the filing of the Complaint:

The entrance of the Salad Restaurant is located along Maiden Lane and is at ground level. The entrance consists of two large doors which open outwards towards the sidewalk. Upon entering the premises, there is a landing approximately 50 inches in depth and 10 feet in width. There are two sets of stairs connected to this landing, one to the left and one to the right. Both sets of stairs are basically identical with railings and three steps. The stairs lead to the ordering and takeout services of the Salad Restaurant.

Each step of the stairs has a rise of approximately 6 inches. The handrails present on both sides of the steps do not extend at the top and do not extend horizontally the length of one tread at the bottom.

Going up the stairs from the entrance, the upper level contains two sales counter with two registers, and an area which you approach to make your order along the back and side wall, consisting of a "deli" type display with glass, so you can see your food prepared. Also on this level is the take out counter.

The following violations were noted:

a) Walking surfaces within an accessible route must comply with 403. 403.4 requires changes in level within an accessible route, to comply with 303. The stairs violate 303, specifically 303.4, which requires rises over ½ inch to be ramped.

b) The presence of the stairs bars an accessible route to the service level (both are altered portions of the premises), in violation of 401 and 403.1.

c) No route is provided to the renovated upper level which complies with 402.2, which states: "Accessible routes shall consist of one or more of the following components: walking surfaces with a running slope not steeper than 1:20, doorways, ramps, curb ramps excluding the flared sides, elevators, and platform lifts. All components of an accessible route shall comply with the applicable requirements of Chapter 4."

d) None of the handrails extend horizontally for 12 inches at the top of stairs, as required by 505.10.2, nor do the handrails extend at the bottom of the stairs for a horizontal distance at least equal to one tread depth beyond the last riser nosing, as required by 505.10.3.

e) 201.1 requires all altered portions of existing buildings to comply with the scoping requirements of the Standards. 202.3 requires each altered element and space to comply with Chapter 2. Defendants have failed to comply with those requirements.

f) 202.4 requires an accessible path of travel to be provided to any altered areas. No such path is provided due to the elevated area and inaccessible steps leading there.

g) The sales counter where the cash registers are located is 37 ½ inches high, exceeding the height allowed by 904.

## **FIRST CAUSE OF ACTION**
(Violations of the Americans with Disabilities Act)

23. Plaintiff is unable to ambulate and utilizes a wheelchair, and thus has a disability within the meaning of the ADA.

24. The ADA imposes joint and several liability on each of the property owner, operator and lessee of a place of public accommodation. 28 C.F.R. 36.201(b).

25. Under the ADA, each of the property owner, lessee and operator are liable to the Plaintiff and neither can escape liability by transferring their obligations to the other by contract (i.e. lease agreement). 28 C.F.R. 36.201(b).

26. Defendants have subjected and continue to subject Plaintiff to disparate treatment by denying Plaintiff full and equal opportunity to use their place of public accommodation, all because he is disabled.

27. Defendants' place of public accommodation is not fully accessible and fails to provide an integrated and equal setting for the disabled, all in violation of 42 U.S.C. §12182(b)(l)(A) and 28 C.F.R. § 36.203.

28. Defendants fail to provide for a means thru which people in wheelchairs can be afforded equal benefit of their services, in violation of 42 USC § 12182(b)(ii).

29. The Defendants have failed to remove architectural barriers so that people in wheelchairs can be afforded equal benefit of their services, in violation of 42 USC § 12182(2)(A)(iv) and to make readily accessible alterations to the path of travel to the renovated

7

restaurant in violation of 42 USC § 12183(a)(2), although such renovations are not disproportionate.

30. Upon making alterations to the Salad Restaurant, Defendants failed to make it accessible to Plaintiff to the maximum extent feasible, in violation of 28 C.F.R. §§ 36.402 and 36.406.

31. Upon making alterations to the primary function areas, Defendants failed to make the paths of travel to the primary function areas accessible to Plaintiff, in violation of 28 C.F.R. § 36.403.

32. Defendants failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of 28 C.F.R. § 36.304. It would be readily achievable to make Defendants' place of public accommodation fully accessible.

33. By failing to remove the barriers to access where it is readily achievable to do so, Defendants have discriminated against Plaintiff on the basis of disability, in violation of § 302(a) and 302(b)(2)(A)(iv) of the ADA, 42 U.S.C. § 12182(a), (b)(2)(A)(iv), and in violation of 28 C.F.R. § 36.304.

34. Defendants' discriminatory conduct includes, but is not limited to:

a. Discriminatory exclusion and/or denial of goods, services, facilities, privileges, advantages, accommodations, and/or opportunities;

b. Provision of goods, services, facilities, privileges, advantages, and/or accommodations that are not equal to those afforded non-disabled individuals;

c. Failing to make reasonable modifications in policies, practices, and/or procedures as necessary to afford the goods, services, facilities, privileges, advantages, and/or accommodations of the Restaurant to individuals with disabilities;

      d.      Failing to design and/or construct the Restaurant so that it is readily accessible to and usable by individuals with disabilities;

      e.      Failing to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the Restaurant are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs;

      f.      Failing to make alterations in such a manner that, to the maximum extent feasible, the path of travel to the altered areas are readily accessible to and usable by individuals with disabilities; and/or

      g.      Failing to remove barriers to individuals with disabilities where it would be readily achievable to do so.

35. Defendants could have removed some of the illegal barriers at the Salad Restaurant by ramping, with railings, one of the sets of stairs inside the entrance, or by installing a lift which would allow wheelchair bound patrons to access the goods and services provided.

36. In the alternative, Defendants have violated the ADA by failing to provide Plaintiff with reasonable alternatives to barrier removal as required by 28 C.F.R. § 36.305.

37. Defendants' failure to remove the barriers to access constitutes a pattern and practice of disability discrimination in violation of 42 U.S.C. § 12188(b)(l)(B)(i), (b)(2)(A)(iv), and 28 C.F.R. § 503(a).

38. Defendants have and continue to discriminate against Plaintiff in violation of the ADA by maintaining and/or creating an inaccessible place of public accommodation.

### SECOND CAUSE OF ACTION
(Violation of New York State Executive Law)

39. Plaintiff realleges and incorporates by this reference all allegations set forth in this Complaint as if fully set forth herein.

40. Plaintiff utilizes a wheelchair for mobility and thus suffers from a disability within the meaning of the Executive Law § 296(21).

41. Defendants have and continue to subject Plaintiff to disparate treatment by denying Plaintiff equal opportunity to use their place of public accommodation all because he is disabled.

42. By failing to comply with the law in effect for decades, Defendants have articulated to disabled persons such as the Plaintiff that they are not welcome or desired as patrons of their place of public accommodation.

43. Defendants discriminated against Plaintiff in violation of the Executive Law § 296(2), by maintaining and/or creating an inaccessible place of public accommodation.

44. Defendants have failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of Executive Law § 296(2)(c)(iii).

45. In the alternative, Defendants have failed to provide Plaintiff with reasonable alternatives to barrier removal as required in violation of Executive Law § 296(2)(c)(iv).

46. It would be readily achievable to make Defendants' place of public accommodation fully accessible.

47. It would not impose an undue hardship or undue burden on Defendants to make their place of public accommodation fully accessible.

48. As a direct and proximate result of Defendants' unlawful discrimination in violation of the Executive Law, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, embarrassment, stress, and anxiety.

49. Plaintiff has suffered damages in the amount of at least $2,000.00 (TWO THOUSAND DOLLARS) and the total amount shall be determined at trial.

**THIRD CLAIM FOR RELIEF**
(Violation of the Administrative Code of the City of New York)

50. Plaintiff realleges and incorporates by this reference all allegations set forth in this Complaint as if fully set forth herein.

51. The Defendants have subjected, and continue to subject, Plaintiff to disparate treatment by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their place of public accommodation, all because of disability, in violation of Administrative Code § 8-107(4).

52. The Defendants have discriminated against Plaintiff in violation of the Administrative Code § 8-107(4), and Local Law 58 by maintaining and/or creating an inaccessible place of public accommodation.

53. The Local Civil Rights Restoration Act of 2005 (the "Restoration Act"), also known as Local Law 58, clarified the scope of the Administrative Code in relation to the New York City's Human Rights Law. The Restoration Act confirmed the legislative intent to abolish "parallelism" between the Administrative Code and the Federal and New York State anti-discrimination laws by stating as follows:

> The provisions of this title shall be construed liberally for the accomplishment of the uniquely broad and remedial purposes thereof, regardless of whether federal or New York State civil and human rights laws, including those laws with provisions comparably-worded to provisions of this title, have been so construed.

Restoration Act § 7 amending Administrative Code §8-130.

54. The Administrative Code is to be construed broadly in favor of Plaintiff to the fullest extent possible. Albunio v. City of New York, 2011 NY Slip Op 02480 (N.Y. Court of Appeals, March 31, 2011).

55. As a direct and proximate result of the Defendants' unlawful discrimination, in violation of the Administrative Code, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, stress, embarrassment, and anxiety.

11

56. The Defendants' long-standing refusal to make their place of public accommodation fully accessible was deliberate, calculated, egregious, and undertaken with reckless disregard to Plaintiff's rights under the Administrative Code.

57. By failing to comply with the law in effect for decades, the Defendants have articulated to disabled persons such as the Plaintiff that they are not welcome and not desired as patrons of their place of public accommodation.

58. By refusing to make the place of public accommodation accessible, the Salad Restaurant has unlawfully profited from its discriminatory conduct by receiving revenues from an unlawful space and then pocketing monies they should have lawfully used to make the place of public accommodation fully accessible. The Salad Restaurant's unlawful profits plus interest must be disgorged.

59. Plaintiff has suffered damages in the amount of at least $2,000.00 (TWO THOUSAND DOLLARS) and the total amount shall be determined at trial.

**FOURTH CLAIM FOR RELIEF**
(Violations of New York State Civil Rights Laws)

60. Plaintiff realleges and incorporates by this reference all allegations set in this Complaint as if fully set forth herein.

61. The Defendants have discriminated against plaintiff pursuant to New York State Executive Law.

62. Consequently, Plaintiff is entitled to recover the penalty prescribed by Civil Rights Law §§ 40-c and 40-d, in the amount of $500 for each and every barrier and violation.

63. Notice of the Defendants' violations and this action has been served upon the Attorney General as required by Civil Rights Law § 40-d.

**INJUNCTIVE RELIEF**

64. Plaintiff will continue to experience unlawful discrimination as a result of the

Defendants' failure to comply with the above-mentioned laws. Therefore, injunctive relief is necessary to order the Defendants to alter and modify their place of public accommodation and their policies, practices and procedures.

65. Injunctive relief is also necessary to make the Salad Restaurant readily accessible to and usable by Plaintiff in accordance with the above-mentioned laws, in part, by compelling Defendants to ramp one of the sets of stairs or install a wheelchair accessible lift.

## DECLARATORY RELIEF

66. Plaintiff is entitled to a declaratory judgment concerning each of the accessibility violations committed by the Defendants against Plaintiff as to the policies, practices, procedures, facilities, goods and services.

## ATTORNEY'S FEES, EXPENSES AND COSTS

67. In order to enforce Plaintiff's rights against the Defendants, Plaintiff has retained counsel and is entitled to recover attorney's fees, expenses and costs pursuant to the ADA and the Administrative Code. 42 U.S.C. §12205; 28 C.F.R. §36.505; and Administrative Code § 8-502.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment against the Defendants, in favor of Plaintiff, containing the following relief:

A. Enter declaratory judgment declaring that the Defendants have violated the ADA and implementing regulations, Executive Law and Administrative Code and declaring the rights of Plaintiff as to the Defendants' place of public accommodation, and its policies, practices and procedures

B. Issue a permanent injunction ordering the Defendants to remove all violations of the ADA, Executive Law and Administrative Code, including but limited to the violations set forth above;

      C.      Retain jurisdiction over the Defendants until the Court is satisfied that the Defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

      D.      Award at least $2,000.00 (TWO THOUSAND DOLLARS) to Plaintiff as compensatory damages, plus pre-judgment interest, as a result of the Defendants' violations of the New York State Executive Law and the Administrative Code of the City of New York;

      E.      Award at least $2,000.00 (TWO THOUSAND DOLLARS) to Plaintiff for their violations of the Administrative Code of the City of New York;

      F.      Award Plaintiff $500.00 (FIVE HUNDRED DOLLARS) for each and every barrier and violation of the law pursuant to New York State Civil Rights Law§§ 40-c and 40-d;

      G.      Pursuant to New York State Civil Rights Law § 40-d, find the Defendants guilty of a class A misdemeanor for violating New York State Civil Rights Law;

      H.      Award reasonable attorneys' fees, costs and expenses pursuant to the Administrative Code;

      I.      Find that Plaintiff is a prevailing party in this litigation and award reasonable attorney fees, costs and expenses pursuant to the ADA; and

      J.      For such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

Dated: April 25, 2016

                                            Donald J. Weiss, Esq. (7619)
                                            Attorney for Plaintiff
                                            747 Third Avenue, Suite 1101
                                            New York, NY 10017
                                            (212) 967-4440